PETTIBONE vs. EDWARDS and others.

In an action to foreclose a mortgage for default in the payment of the *last* of three notes which it was given to secure (the first having been paid), the owner of the *second* note is a necessary party.

APPEAL from the Circuit Court for *Juneau* County.

This was an action to foreclose a mortgage given to secure three notes, payable to the plaintiff in one, two and three years from date, the last of which only was alleged in the complaint to be unpaid. The mortgagor stated in his answer that the second note was unpaid and had been assigned to A. Malvina Miles, who still owned it, with an interest in the mortgage sufficient to secure it, "and was a real party in interest in the matters in controversy in said action." The court excluded evidence of the facts stated in the answer, on the ground that they did not show a defect of parties, and gave judgment of foreclosure for the amount of the note held by the plaintiff.

*Alva Stewart*, for the appellant.

*John T. Clark*, with whom was *A. L. Collins*, for respondent:

No persons need be made parties who are not to be affected by the judgment or decree. *Bailey v. Inglee*, 2 Paige, 278; *Story v. Livingston*, 13 Peters, 375. Miss Miles's interest, if any, in the security, cannot be affected by the decree, and therefore she has no interest in this litigation. Section 22 of the Code declares that "the court may determine any

controversy between the parties before it, when it can be done without prejudice to the rights of others, or *by saving their rights,*" &c. Can it be claimed that the court below could not in this case have decreed without prejudice to Miss Miles, or that her rights could not have been saved, if any "saving clause" were necessary to that end? Miss Miles stands, as regards the respondent, in the position of a prior mortgagee. *Wood v. Trask,* 7 Wis., 566 ; *Marine Bank v. International Bank,* 9 id., 57. And a prior mortgagee need not be made a party to a foreclosure suit. Stóry's Eq. Pl., § 193; *Finley v. Bank of U. S.,* 11 Wheaton, 304. The language in 2 Monell's Pr., p. 205—" A person entitled to a *part* only of the mortgage money cannot commence an action to foreclose the mortgage as to his part of the money, unless the other parties in interest refuse to join with him as plaintiff; in such case he may make them defendants"—is not supported by 2 Story's Eq. Pl., § 134, there cited. Monell doubtless had in mind and refers to cases of the ordinary mortgage given to secure a simple bond which could not be so transferred as to give to different parties interests in severalty in the mortgage debt. This was the English doctrine, and also the doctrine in those states where the English style of mortgages and the English rule of redemption and of bills to redeem, were adopted. The rule has not obtained here, because the reason for it does not exist. Story's Eq. Pl., § 201 ; *Wood vs. Williams,* 4 Madd. R., 186 ; *Lowe vs. Morgan,* 1 Bro. Ch. R., 368. "No one need be made a party against whom, if brought to a hearing, no decree can be made." 9 Wheat., 733; Van Santv. Pl., 122. "No one need be made a party complainant in whom there exists no interest, and no one a party defendant from whom nothing is demanded." 6 Wheat., 550; 1 Pet., 299 ; 1 Wash., 517. "All persons *materially interested* in the matter of a bill, as plaintiffs or defendants, ought to be made parties to it, however numerous they may be ; but there are exceptions to this rule, and it should be restricted to parties whose interests *are in the issue,* and to be affected by the decree." *Mechanics' Bank vs. Seton,* 1 Pet., 299—306. It is said the defendant ought not to be liable to two foreclosure suits, when one would

answer the purpose. But this might be more convenient and economical for the defendant than for the plaintiff. Though the latter may have negotiated the second note to Miss Miles, as alleged, yet she may have negotiated it; and the plaintiff, if he makes her a party, must do so at the risk of paying her costs in case of her disclaiming any interest in the event of the action. If inconvenience or risk should be borne by any one, it should be by the party who has voluntarily assumed an obligation and is in default. 2. If the appellant is entitled to have Miss Miles made a party, he should have taken a rule on the plaintiff below, or have procured Miss Miles to make application to be made a party, or have treated his own answer as a demurrer to the complaint for want of parties. 16 How. Pr. R., 422.

*By the Court*, COLE, J. In this case the respondent, entitled to a part only of the mortgage money, commenced a suit to foreclose the mortgage as to his own part of the money. It appears that the mortgage was given to secure the payment of three promissory notes. The first note seems to have been paid. But it was alleged in the answer of the mortgagors, and evidence was offered on the trial in support of the allegation, that when the second note became due, the mortgagor not being able to pay it, the note was sold by the respondent to one A. Malvina Miles, and an interest in the mortgage sufficient to secure the payment of the same, was assigned by him to her. The Miles note being unpaid, it was objected that there could be no foreclosure of the mortgage for the third note without making A. Malvina Miles a party to the suit.

It seems to us the objection is well taken. Mr. Justice STORY, in his work on Equity Pleadings, section 201, states the rule as to who are necessary parties plaintiffs to a bill to foreclose a mortgage, as follows: "And it may be generally stated that all persons who have the legal interest in the mortgage, as well as those who have the equitable interest therein, are necessary parties to a bill to foreclose. There can be no redemption or foreclosure unless all the persons entitled to the whole mortgage money are before the court.

May 15.

January Term, 1862.

PETTIBONE
v.
EDWARDS et al.

Thus, for example, a person entitled to a part only of the mortgage money cannot file a bill to foreclose the mortgage as to his own part of the money, but all the other persons in interest must be made parties."

The rule is laid down in substantially the same language by Barbour, in the second volume of his work on Chancery Practice, 174. Monell reiterates the same doctrine. 2 Monell's Prac., 214. See also 1 Daniel's Plead. and Prac., 263; Edwards on Parties, pp. 45, 46 and 47. To the same effect are the cases of *Lowe vs. Morgan*, 1 Br. C. R., 368; *Palmer vs. The Earl of Carlisle et al.*, 1 Simons & Stuart, 423; *Miller vs. Henderson*, 2 Stock. Ch. R. (N. J.), 320; *Davenport vs. James*, 7 Hare, 249; *Johnson vs. Brown*, 11 Foster, 405.

These authorities clearly sustain the position that the respondent should have made A. Malvina Miles a party to the foreclosure suit. A part of the mortgage money was coming to her. If she refused to join in the suit as party plaintiff, she might have been made defendant. But that she should be made a party to the foreclosure suit, either as plaintiff or defendant, in order that complete justice may be done between the parties, and the entire subject matter of the litigation disposed of, is to our minds clear upon reason and authority. For suppose a mortgage given to secure a debt payable in a dozen different instalments, evidenced by as many promissory notes. Is the practice to be tolerated, when all the notes are due, of harassing the mortgagor by a dozen different foreclosure suits, because the notes are held by as many different persons, when one suit would settle the whole controversy, and do complete justice? We know of no beneficial purpose whatever to be subserved by such a practice. The costs are greatly increased, and consequently the security for the debt correspondingly diminished. And the salutary rule that all persons materially interested in the suit should be made parties, is violated. A. Malvina Miles was certainly interested in the foreclosure of this mortgage. A portion of the money secured by that mortgage was coming to her. She was therefore an indispensable party.

The judgment of the circuit court is reversed, and the cause remanded with directions to that court to order the

holder of the second note secured by the mortgage to be made a party, so that there may be a complete determination of the matter in controversy.